# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Teresa Rose, ) | |
| ) | Case No.: |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| Richard Stone & Associates, ) | |
| Richard Stone, ) | |
| Frederick Johnston a/k/a Freddy Johnston, ) | |
| and ) | |
| Paul Davis Systems of Omaha, Inc., d/b/a ) | |
| Paul Davis of Omaha, ) | |
| ) | |
| Defendants. ) | |

COMES NOW Plaintiff Teresa Rose, by and through her attorneys, Michael D. McClellan of McClellan law Office, LLC and Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O., and alleges and states that this is an action brought by an individual consumer against Defendants Richard Stone, Frederick Johnston a/k/a Freddie Johnston and Richard Stone & Associates' violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. § 1692 *et seq*. and against all Defendants, including Paul Davis for their violations of the Nebraska Consumer Protection Act, Neb.Rev.Stat. § 59-1601 *et seq*. (hereinafter referred to as the "NCPA"). In support of her claims, Plaintiff states and alleges as follows:

1

## JURISDICTION AND PARTIES

1. That subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. That venue is proper in this Court for the reason that the claim on which this suit is based happened in this Judicial District.

3. This court has personal jurisdiction over Defendants pursuant to Fed.R.Civ.P. 4(k) and because they conduct substantial business in this district.

4. Plaintiff Teresa Rose is 90 years of age, and resident of Bellevue, Nebraska.

5. at all times relevant hereto, Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a (3).

6. Defendant Richard Stone & Associates, ("RS&A") is a debt collector located in Houston, Texas engaged in collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone in Nebraska and is a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6).

7. Defendant Richard Stone (hereafter "Stone") is an individual located in Texas, and at all times relevant herein was the owner/operator and principal of Defendant RS&A and is or was personally involved in its daily operations.

8. Richard Stone is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

9. Defendant Frederick Johnston a/ka/ Freddy Johnston, an individual in Texas is or was chief operating officer of RS&A and is or was personally involved in its daily operations.

10. Defendant Johnston is engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

11. Defendants Stone and Johnston and RS&A created, approved, directed, and supervised the preparation and sending of letters in the form of <u>Exhibits A, B, C &D</u> to Plaintiff.

12. R&SA is not a corporate entity but rather is the alter ego of Richard Stone such that Plaintiff is allowed to pierce the corporate veil.

13. At all times relevant, Defendant Stone grossly undercapitalized and underfunded RS&A.

14. Defendants attempted to collect alleged debts due to another for personal, family or household purposes, i.e. – personal services from Ms. Rose.

15. That Defendant Paul Davis Systems of Omaha, Inc., is a Nebraska corporation using the d/b/a uses the d/b/a Paul Davis of Omaha and is the original creditor at issue in this case, who passed the account to Defendant Stone for collection.

16. Defendants are all entities or individuals who contributed to, or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the other named Defendants to commit the acts complained of which caused injuries to the Plaintiff. Each Defendant acted as principal and agent of the other and combined and concurred with each other in committing the acts complained of herein.

17. At all times relevant hereto, Defendants were and are now the agent, servant, employee and representative of the other, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendants.

## FACTUAL BACKGROUND

18. at all times relevant hereto, Defendants were attempting to collect an alleged defaulted account from Paul Davis of Omaha from Ms. Rose for personal, family, or household purposes.

19. Plaintiff hired Paul Davis of Omaha for water damage repair for her personal residence. Funds from Plaintiff's insurance company were paid to Paul Davis for half the amount and the remainder put in escrow.

20. In the course of working with Paul Davis of Omaha for completing the repair work to Plaintiff's personal residence, by email correspondence dated August 26, 2022, Plaintiff informed the contractor of certain items of work that were not completed properly and would need to be addressed before final payment. In addition, the written contract between Rose and Paul Davis of Omaha, drafted by Paul Davis of Omaha, contemplated leaving $2,500.00 in escrow to complete items of work that needed attention or a "punch list."

21. Some of the work was substandard and deficient. The contractor addressed some items, filed a construction lien and turned it over to Defendant Stone for collection.

22. Plaintiff received a letter from Defendants[1] dated March 16, 2023 by U.S. Mail, containing a heading, "Letter of Representation." This letter states in part:

**Case # 16472 PD Corporate Owned Franchises-VS-Rose, Teresa** (emphasis in original). This March 16, 2023 letter attached hereto as Exhibit "A" and

---

[1] For the purposes of the FDCPA claim "Defendants" refer to all defendants except Paul Davis.

incorporated herein by this reference, adds the following language: "The filing of a Lien by our client will add approximately $500.00 towards the balance."

23. Defendant RS&A sent an "invoice" by email March 23, 2023 seeking the following amounts from Plaintiff:

$,6,964.95 Restoration Services per contract\
$3,758.95 Arbitration/investigations/interest/administration
**$10,723.90 Total now due**

24. Defendant RS&A gives the appearance that a lawsuit is on file by writing the following:

"Case #16472: Paul Davis –VS-Rose, Teresa" Gives the appearance that the Plaintiff is being sued when in fact no such lawsuit was filed.

25. In fact RS&A Stone & Associates is not authorized to practice law in Nebraska and no such lawsuit was filed. Attached hereto as Exhibit "B" and incorporated herein by this reference is a copy of said "Invoice."

26. Defendants RS&A also sent a "Letter of Representation" to Ms. Rose by email March 23, 2023. That letter states in part:

> Our client [Paul Davis] intends to file a petition to Sarpy County for a "Notice of Lien" on the property listed above and or legal filing for the remaining balance on the claim plus treble damages, pending the outcome of investigation. Also not limited to submitting misappropriation of funds to the state of NE. And/or not limited to all three-credit bureau reporting.

The letter further threatens in bold letters:

6

**If payment is not received by the aforementioned date a lawsuit will be filed.**

27. The letter also reads "This document is prepared by Richard Stone & Associates who acts as attorney in fact for Paul Davis of Omaha and as such; hereby guarantees any and all parts of this agreement."

28. The letter has a signature block reading "Richard Stone, Managing Partner."

29. Attached hereto as Exhibit "C" and incorporated herein is a copy of said undated "Letter of Representation."

30. On or about April 11, 2023, Defendants emailed Plaintiff an INVOICE and additional "Letter of Representation" Attached hereto as Exhibit "D" and incorporated herein by this reference. The April 11, 2023 invoice seeks $10,732.9 plus "an additional 4% for credit card and ACH options" The accompanying "Letter of Representation" again lists a case number and contains the type written signature block of "Bree Baron Associate" and "Richard Stone Managing Partner"

31. Exhibit D contains the same violations as the previous ones set forth herein, and also contains the following language: "Feel free to contact me directly at 936-978-0420 and or your legal representation within **TEN** days of this letter. This matter is extremely time sensitive." (Bold in original) This language is

misleading and confusing as to the 10 day time period and creates the false sense of urgency.

32. As a result of the conduct and letters of Defendants, Plaintiff Rose. suffered emotional distress, loss of funds and other actual damages.

33. The RS&A letters (Exhibits A, B, C and D ) are misleading and confusing as they give the appearance of a lawsuit on file, threaten criminal action, and add fees which are not in the underlying agreement or allowed by law.

34. The indication that Paul Davis will automatically charge $500.0 for a lien and file a lawsuit for unauthorized charges is false and misleading as well.

## FAIR DEBT COLLECTION PRACTICES ACT
(As to all Defendants except Paul Davis)

COMES NOW the Plaintiff and for her Cause of Action against the Defendants, state and allege as follows:

35. That the Plaintiff Teresa Rose is a natural person and "consumer" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692(a)(3).

36. Defendants are engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and as such, are "debt collectors" within the meaning of 15 U.S.C. §1692(a)(6).

37. At all times relevant hereto, the Defendants were attempting to collect from Plaintiff a purported Paul Davis account, alleged in default used for personal, family or household purposes.

38. During the course of attempting to collect the alleged debt, Defendants:

a) Made false or misleading statements in connection with the attempted collection of said debt, in violation of 15 U.S.C. §1692e;

b) used a false representation or deceptive means to collect or attempt to collect the Paul Davis account in violation of 15 U.S.C. §1692e, and §1692e(10);

c) threatened to take actions and took actions that cannot be legally taken in violation of 15 U.S.C. §1692e(5) ;

d) used a business, company, or organization name other than the true name of the debt collector's business, company or organization in violation of 15 U.S.C. §1692e(10);

e) made the false representation of the character, amount or legal status of the debt in violation of   15 U.S.C. §1692e(2)(a);

f) The false representation or implication that any individual is an attorney or that any communication is from an attorney in violation of   15 U.S.C. §1692e(3);

g) The representation or implication that nonpayment of the debt will result in arrest or imprisonment or Plaintiff in violation of   15 U.S.C. §1692e(4);

h) That false representation that the consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7)

i) Communicating credit information known or should be known to be false in violation of 15 U.S.C. §1692e(8);

j) The failure to disclose in the initial communication the consumer rights required by in violation of 15 U.S.C. §1692e(11);

k) The false representation or implication that the documents are legal process.

l) creating the false sense of urgency in violation of 15 U.S.C. §1692e; and

m) the collection of any amounts, interest, fees and other charges incidental to the principal obligation which are not in the underlying agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1).

39. As a direct and proximate result, Plaintiff suffered actual damages, including inconvenience, emotional distress, sleepless nights, anxiety, excessive stress and out of pocket costs.

40. Ms. Rose was confused by these material violations of the FDCPA, which establishes Plaintiff's standing to bring this case.

41. Defendants' actions created a sufficient risk of harm as contemplated by the FDCPA, and constitute a concrete injury in-fact as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

WHEREFORE, Plaintiff prays for a judgment against Defendants for statutory damages, general damages, actual damages and statutory attorney fees and costs of this suit and for such other and further relief as the Court shall deem appropriate.

## CAUSE OF ACTION NO. 2
## NEBRASKA CONSUMER PROTECTION ACT

### (as to all Defendants)

Plaintiff repeats and incorporates the foregoing allegations above as if fully set forth herein.

42. Defendants actions set forth above as well as Defendants Paul Davis's threat to file a suit to seek amounts not legally allowed and to add charges not allowed by law constitute violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 *et seq*. and entitle Plaintiff to statutory and actual damages, injunctive relief, attorney's fees and costs.

43. Defendant Paul Davis's contract improperly provided it could collect fees and liquidated damages for breach of a consumer contract.

44. The contract was for personal, family or household purposes.

45. The contract provided an improper liquidated damages clause.

46. Bringing this case is in the public interest to stop debt collectors and Nebraska businesses from using deceptive means in attempting to collect debts, to

decrease the risk and putting them in positions where they are unable to make informed decisions on how to respond to such communications.

47. It is also in the public interest "by ensuring that consumers are fully and truthfully apprised of the facts and of their rights, the FDCPA enables them `to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.'" *Clark v. Capital Credit & Collection Serv., Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006).

48. As a result of the unfair and/or deceptive practices of Defendants, plaintiff suffered actual damages including excessive stress, anxiety and embarrassment. WHEREFORE, Plaintiff requests that a judgment be entered in her favor against Defendants as follows:

  A. Awarding statutory damages pursuant to Neb. Rev. Stat. § 59-1609;
  B. Awarding actual damages to the Plaintiffs;
  C. Awarding costs and reasonable attorney fees pursuant to Neb. Rev. Stat. § 59-1609 *et seq.*; and
  D. Enter such additional relief as the Court may find to be just and proper.

Dated: May 9, 2023

                Teresa Rose, Plaintiff,

                By: */s/ Pamela A. Car*
                Pamela A. Car, #18770
                William L. Reinbrecht, #20138
                Car & Reinbrecht, P.C., L.L.O.
                2120 South 72nd St., Suite 1125
                Omaha, NE 68124
                (402) 391-8484 Telephone

(402) 391-1103 Facsimile
E-mail: pacar@cox.net
And
By: /s/Michael D. McClellan
Michael D. McClellan
McClellan Law Office LLC
3839 South 148th St. #160
Omaha, NE  68144
(402) 344-8044
(402) 769-2025 fax

Attorneys for the Plaintiff

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable in Omaha, Nebraska.

By: */s/Pamela A. Car*